**BURNETT et al. v. SMITH et al.** (No. 10056.)

(Court of Civil Appeals of Texas. Fort Worth. April 1, 1922. Rehearing Denied April 29, 1922.)

**1. Venue ☞22(1)—Action by purchasers in joint-stock association against trustees properly brought in county in which some of the trustees resided.**

Action by stockholders in common-law joint-stock association against the trustees of the association for appointment of a receiver and dissolution of the company, and for an amount alleged to have been misappropriated, was properly brought in a county in which several of the trustees lived, under Rev. St. art. 1830,

subd. 4, though some of the trustees lived in other counties, and though the place of business of the corporation was in another county; the action being against the trustees individually, and not against the association in so far as the amount alleged to have been misappropriated was sought to be recovered.

**2. Receivers ☞36—Not appointed unless plaintiff is entitled to relief independent of appointment of receiver.**

Generally a receiver will not be appointed unless the petition states a cause of action entitling plaintiff to relief independent of the appointment of a receiver.

**3. Corporations ☞614(1)—Not dissolved at instance of minority stockholders in absence of statute.**

Generally minority stockholders cannot sue to dissolve the corporation unless authorized by statute.

**4. Joint-stock companies ☞20—Petition by stockholders in common-law joint-stock association managed by trustees under declaration of trust held not to warrant appointment of receiver.**

Where declaration of trust creating common-law joint-stock association under the management of trustees provided that, unless terminated by trustees, the trust should continue for the term of 20 years, after the death of the last survivor of the trustees named in the declaration, petition of stockholders in action against the trustees, alleging misappropriation by trustees of the assets of the association, *held* not to warrant the appointment of receiver to wind up affairs of association, in the absence of a showing that the business could not be continued by other trustees to be appointed by the court; the stockholders' remedy being the removal of the trustees and appointment of others in their stead.

**5. Trusts ☞160(2)—Equity will not permit trust to lapse for lack of trustees.**

Equity will not permit a trust to lapse for lack of trustees, having the power to remove trustees upon a proper showing of fraud or unfitness upon their part.

**6. Trusts ☞165—Equity could remove trustees under declaration of trust and appoint others, though right to remove was not reserved.**

Failure of declaration of trust creating joint-stock association under management of trustees to reserve in the shareholders the right to remove the trustees did not preclude equity from removing the trustees upon a proper showing of fraud or unfitness and appointing others in their stead.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by A. F. Smith and others against J. H. Burnett and others. From an order appointing a receiver, the defendants appeal. Order reversed, and receivership vacated, and judgment of Court of Civil Appeals certified to the trial court, with directions.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Donald & Donald, of Bowie, for appellants.

Benson & Benson, of Bowie, for appellees.

DUNKLIN, J.    A. F. Smith and four others, all of whom were stockholders in a common-law joint-stock association having its principal office and place of business at Celina, Collin county, Tex., organized and doing business in the name of the North Texas Consolidated Oil & Gas Company, instituted this suit against J. H. Burnett and six others as trustees of that association.

It was alleged in the petition, upon information and belief, that the defendant J. H. Burnett had wrongfully appropriated to his own use, for salary to himself, certain assets of the company, with the consent of others of the trustees who did not constitute a majority, or that, if the same was done with the consent of a majority of the trustees, such consent was not given at a regular meeting of said trustees. · It was further alleged that other sums of money belonging to the company had been used by Burnett for the payment of rentals upon his individual oil leases, and for attorneys' fees in the defense of suits against him individually, and that the sum of $2,000 had been wrongfully appropriated by Burnett for his own personal use as a commission for the sale of property belonging to the company, all without the consent or authority of other defendants, who were his cotrustees. The petition contained other general allegations of wrongful misappropriations of funds and breaches of trust on the part of some of the defendants without the consent of a majority, coupled with other allegations to the effect that the amounts of such expenditures and the persons who received the same are unknown to the plaintiffs, such allegations being principally upon information and belief.

It was further alleged that the plaintiffs had made inquiries of the defendants to ascertain the condition of the affairs of the ·company, but the defendants had refused to give them such information.

It was further alleged that the association was in law a partnership, and the stockholders therein are joint owners of its assets; that the association is insolvent, and that there is now owing to the association the sum of $32,000, which is past due, and plaintiffs prayed for the appointment of a receiver to take charge and control of the entire affairs of the association, and for a final settlement and adjustment and distribution of the assets to all the parties in interest.

The petition contained a specific allegation that the defendants had converted to their own use the sum of $2,346, and plaintiffs prayed for a recovery against them of that amount for the benefit of themselves and other stockholders in the association who did not join with them in the suit.

The application for the appointment of a receiver was heard by the trial judge in vacation, and upon that hearing evidence was introduced by both plaintiffs and defendants, and the same has been brought to this court in a statement of facts. After that hearing a receiver was appointed as prayed for, clothed with full power to take charge of and control the entire business affairs of the company, including all of its assets, together with all of its books and records. From that order the defendants have appealed.

[1] The suit was instituted in Montague county, where two of the defendants resided, as alleged in the plaintiffs' petition. It was further alleged in the petition that two other of the defendants resided in Collin county, two in Denton county, and one, J. H. Burnett, resided in Oklahoma, but was temporarily residing in Montague county. The defendants residing in Collin and Denton counties filed pleas of privilege to be sued in the county of their respective residence, the pleas being in statutory form. J. H. Burnett and three others of the defendants also filed a plea to the venue, which was, in effect, that the principal office and place of business of the association, as alleged in plaintiffs' petition, was in Celina, Collin county; that, although the suit was nominally against the defendants, as directors and trustees of the company, it was in effect against the company, and should have ·been brought in Collin county. Error has been assigned to the action of the court in overruling those pleas. As noted already, two separate and distinct causes of action were set up in plaintiffs' petition. One was for the winding up and settlement of all the affairs of the company and the appointment of a receiver as an aid to the accomplishment of that end. The other cause of action was against the defendants individually for a specific sum of money. The fact that they were named trustees, and the further fact that their alleged liability arose by virtue of the alleged breach of trust, did not render that cause of action any the less a suit against the defendants as individuals. Such being true, there was no error in overruling the pleas in abatement, even though it could be said that the venue as to the other cause of action should have been in Collin county, a question not necessary for us to determine, since subdivision 4, art. 1830, Rev. Statutes, provides:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside. * * * *"

It is to be noted in this connection that the assignments presented do not involve

any questions of misjoinder of causes of action or of right of plaintiffs to sue for the individual debt claimed in behalf of other stockholders, as well as for their own benefit, nor of jurisdiction of the court over the amount of the debt plaintiffs show themselves entitled to recover. Under the allegations, plaintiffs would at all events be entitled to recover some portion of that debt.

[2] In Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786, the following is said relative to the power of courts to appoint receivers:

"The exercise of such appointing powers is purely auxiliary, depending upon the pendency of a suit, seeking some other and ultimate relief, which is within the jurisdiction of the court. Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Hermann v. Thomas, 143 S. W. 195; T. & P. Ry. Co. v. Gay, 86 Tex. 582, 26 S. W. 599; 25 L. R. A. 52; High on Rec. § 17. It is not only essential that the petition should state grounds calling for the appointment of the receiver to take charge of the property involved in the litigation, but it should also show upon its face an independent cause of action within the jurisdiction of the court."

In the case of Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195, Chief Justice Pleasants made the following announcement:

"The general proposition that the right to the appointment of a receiver is not a cause of action, or, in other words, does not exist; independent of some other right, or the infringement of some right, of the plaintiff which would entitle him to maintain an action therefor, and when no cause of action is shown in the petition, and no relief sought, other than the appointment of a receiver, such relief will not be granted is well settled. Cattle v. Bindle, 5 Tex. Civ. App. 18, 23 S. W. 819; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 512."

In an opinion by Associate Justice Buck, of this court, in the case of General Oil Co. v. Ferguson, 224 S. W. 261, the following is quoted with approval from Folk v. United States, 233 Fed. 177, 147 C. C. A. 183:

"If it seems doubtful whether or not the plaintiff will recover at the final hearing, or whether or not there is imminent danger that the plaintiff will suffer irreparable loss, the application for a receiver will be denied, and in the hearing and decision of such a case all the presumptions are in favor of the defendant in possession under a legal title. A court of equity is sedulous to prevent the successful invocation of its interlocutory injunction, or its appointment of a receiver to perform the function of a successful action of ejectment, and at the same time to avoid the trial of titles indispensable to such an action."

Many other authorities might be cited announcing the same familiar doctrine.

[3] It is also a general rule that minority stockholders cannot sue to dissolve a corporation unless authorized by statute. The principle upon which that rule is based is that, except in extreme cases, the minority stockholders should not control the majority, and we perceive no reason why the same is not applicable to joint-stock associations also, especially in face of an express contract which forbids such action, as is true with the association now in controversy. 8 Fletcher Cyc. Corporations, p. 9158, par. 5548; Toomey v. First Mortgage Trust Co. (Tex. Civ. App.) 177 S. W. 539; Indiana Co-op. Co. v. Darling (Tex. Civ. App.) 185 S. W. 1040.

Clearly there was no ground for the appointment of a receiver for the association as an ancillary process to aid the plaintiffs in the collection of the alleged individual debt of the defendants to the plaintiffs. The trustees representing the association, and all of the stockholders therein, constituted a separate entity from the same persons as individuals and against whom individual liability was alleged.

[4] In order to warrant the appointment of a receiver as an ancillary process to the other cause of action alleged, to wit, termination and settlement of all of the affairs of the association, it was incumbent upon the plaintiff to show a right to such final relief. The articles of the association which are designated "a declaration of trust" appear in the record. According to its terms all the stockholders are made parties to it, and are bound by its provisions. The document is very long, and it will be necessary to refer to only a few of its provisions. It is provided that the legal title, management, and control of the trust estate shall be absolutely vested in the trustees, and the power of absolute control in the trustees free of interference from the stockholders is repeated and emphasized in other portions of the document. It is also provided that the trustees shall have the right in their discretion to terminate the trust at any time after January 1, 1926, and that, unless terminated by them, the trust shall continue and remain in force for the term of 20 years after the death of the last survivor of the trustees whose names are signed to the document. All of the defendants signed their names as trustees to the document, and are the only trustees therein named. The document contained no provision for the removal of the trustees by the stockholders, nor for a termination of the business for a breach of the trust by the trustees. The instrument gives to the trustees the broadest powers imaginable for the management of the trust estate consistent with fair dealing towards the stockholders.

[5,6] To finally dissolve the association, wind up its affairs, and distribute its assets would be to go counter to the plain terms of that contract which is binding upon the plaintiffs and all other stockholders, even though it should be held to constitute in law a partnership in its relation to creditors. In order for the plaintiffs to escape the

binding terms of that contract, and for the entire business to be terminated, and that, too, in the absence of any showing that other stockholders desired that to be done, a very clear showing should be made, to say the least. It is a familiar rule that equity will not permit a trust to lapse for lack of trustees. It is also a familiar rule that a court of equity has power to remove trustees upon a proper showing of fraud or unfitness on their part. It cannot be doubted that, although no power was reserved by the shareholders in the association to remove the trustees, yet a court of equity has jurisdiction to do so upon a proper showing. However, if such a court should remove the trustees for fraud such as is charged against the defendants in this case, it would not, by reason of fraud so practiced, terminate the trust contrary to the plain terms of the declaration of trust, but would appoint other trustees in their places, vested with the same powers to carry out the purposes for which the association was formed, and in accordance with the contract of all the parties. For the alleged wrongs in the present suit, plaintiffs had the right to apply to the proper court for the removal of the defendants as trustees, and for the appointment of others in their stead. But that was the extent of their right in so far as appears from the face of their pleadings. Plaintiffs did not see fit to ask for appointment of other trustees to the end that the contract for a continuation of the trust in accordance with the terms of the articles of the association might be carried out, but sought to have the business wound up through the medium of a receiver to be appointed by the court without any showing that the business could not be continued by other trustees to be appointed by the court. In other words, plaintiffs sought a termination of the trust and a winding up of all the business of the association in plain violation of the terms of their contract evidenced by the declaration of trust that it should continue in accordance with its terms and without any sufficient showing of reason why the business cannot be continued. Nor was there any allegation of the names and residences of the other stockholders who are vitally interested in the proceedings, nor the amount of capital stock owned by them as compared with the amount owned by plaintiffs, nor whether they were willing or opposed to the appointment of a receiver. Hence, for lack of a sufficient showing of right of action for a dissolution and termination of the trust, there was no basis in the allegations of the petition for the appointment of a receiver as an ancillary process in aid of the cause of action so attempted to be asserted.

Furthermore, while there was evidence tending to support some of the allegations of breach of trust on the part of the defendants, yet other evidence was introduced which so strongly preponderated to refute those charges that the court was not warranted by the proof in awarding summary relief by taking the property out of the hands of the trustees, and placing it in the hands of a receiver, even though it could be said that plaintiffs' petition was not subject to the criticisms discussed above.

For the reasons noted, the order of the trial court appointing the receiver is reversed, and said receivership is hereby vacated, and this judgment will be certified to the trial court for further proceedings not inconsistent with the conclusions here reached.