## OKLAHOMA FULLERS EARTH CO. et al. v. EVANS et al.

No. 26515.   Feb. 2, 1937.

Frank O. Eagin, for plaintiffs in error.

E. E. Blake, for defendants in error.

HURST, J.   The Oklahoma Fullers Earth Company is an express trust with three trustees and numerous shareholders, owning a tract of land in Woodward county from which Fullers earth is produced by Thurber Earth Products Company, lessee.   The trust agreement provided for capital stock of 200,000 shares, 50,000 of which to be held in the treasury for sale and the remainder divided among the three trustees in proportion to their previous ownership in the land.

It was further provided that the trust should continue for 21 years after the death of the last surviving original trustee.

In June, 1932, Chester L. Evans, one of the trustees, filed suit against Mrs. B. E. Turney, also a trustee, for rescission of a contract made by them and for cancellation of a deed, executed to her prior to the creation of the trust, conveying one-sixth of the land owned by the trust.   The Oklahoma Fullers Earth Company was made a party defendant, and Mrs. Turney and the other trustee, Charles R. Cole, in a lawful meeting, employed Frank Eagin as attorney to represent the company. Judgment was rendered in favor of the defendants and affirmed on appeal.   Evans et al. v. Turney et al., 177 Okla. 550, 61 P. (2d) 237.

A few days after this action was begun, Mrs. Turney and Cole held a meeting, Evans also being present, in which they passed a resolution removing Evans as a trustee.   Their ground was that he had neglected his duties by failing to attend meetings of the trustees.   The minutes of all the meetings, however, had all been signed by Evans showing his presence and participation.   In July, 1932, Cole and Mrs. Turney held another meeting in which they appointed Torrence C. Eagin as trustee to replace Evans, and elected him vice president.   Thereafter, in March, 1933, Torrence Eagin and Mrs. Turney held a meeting in which they appointed her general manager at a salary of $100 per month, and at a further meeting in June, 1933, where all three were present, they voted again to retain her as general manager at the salary stated.

Another meeting was held on May 14, 1934, with all present, at which Frank Eagin was unanimously allowed a fee of $500 for his services in the case above mentioned, and he was subsequently paid this amount.   Also at this meeting, Mrs. Turney and Cole voted to allow Torrence Eagin a salary of $15 per month for acting as vice president.   He did not vote on this matter.

On September 22, 1934, Chester L. Evans and his wife commenced this action to have the trust dissolved, making Mrs. Turney, Charles R. Cole, the Oklahoma Fuller Earth Company, Thurber Earthern Products Company, and the other shareholders parties defendant.   Plaintiffs alleged in their petition that Mrs. Turney and Cole had conspired to defeat them and the other shareholders out of their interest in the company; had wrongfully and corruptly removed Evans as trustee and attempted to elect Torrence Eagin in his place; that they had allowed them-

selves illegal salaries and had illegally issued shares of stock to themselves. Plaintiffs asked that the trust be dissolved, that an accounting be had, that Torrence Eagin be enjoined from acting as trustee, and that Mrs. Turney and Cole be also enjoined from interfering with Evans as trustee.

The defendants Mrs. Turney and Cole and shareholder Walters filed answers denying these allegations and alleging that their acts had been legal and objected to the dissolution of the company. All of the shareholders filed answers in which they joined the plaintiffs in asking for a dissolution.

The trial court found that Evans had been illegally removed as trustee; that the allowance of $100 per month to Mrs. Turney as general manager was illegal, but did not order her to pay it back; that the allowance of $15 per month to Torrence Eagin for acting as vice president was illegal, but did not order him to pay it back; that the issuance of 9,853 shares of stock to Mrs. Turney was illegal, but did not order the stock canceled; that the attorney fee of $500 to Frank Eagin was illegally allowed, but did not order it returned. The court further found that other expenditures of the trust fund for expenses of operation in excess of $25 per month were invalid, but did not require them to be paid back. Judgment was then rendered dissolving the trust and ordering the Thurber Earthern Products Company, lessee, to pay the royalties to the shareholders in proportion to the number of shares held by each at the time the suit was filed. The court then enjoined the trustees from expending more than $25 per month, except for expenses necessary for distribution of the royalty to the shareholders. All parties appealed.

We agree with the trial court in finding that the action of Mrs. Turney and Cole in removing Evans as trustee was illegal and void. The trust agreement provides:

"The trustees shall hold office until the same becomes vacant on account of death, inability to act or resignation."

Evans did not resign, and the minutes showed that he attended the meetings. Therefore his removal was illegal, and for the same reason the appointment of Torrence Eagin to replace him was illegal and void. Torrence Eagin was thus not entitled to the salary paid him for acting as vice president, and the same should be repaid to the company. It follows that Mrs. Turney was not entitled to the salary paid her as general manager, voted by herself and Torrence Eagin, and later by Cole. Nevertheless she is entitled to a reasonable sum for acting as general manager, bookkeeper, secretary and treasurer of the company, and the trial court found that $25 per month was a reasonable amount. She should therefore be required to pay back to the company all she received in excess of that amount.

The trial court erred, however, in dissolving the trust. The Oklahoma Fullers Earth Company is a business or express trust. It is hybrid in nature, savoring of both corporation and partnership. In those states where such trusts are considered as partnerships, a court of equity is held to have the power to dissolve them whenever good cause is shown, although no such power is expressly reserved to the shareholders. But in this state the creation of such trusts is prescribed by statute (sections 11820 to 11823, inclusive, O. S. 1931), and this case comes under the rule of the Texas court in Burnett v. Smith (1922 Tex. Civ. App.) 240 S. W. 1007, where the general rule that the minority stockholders cannot sue to dissolve a corporation unless authorized by statute was applied to common-law joint stock companies. The court there held that courts of equity had the power to remove trustees, in proper cases, and appoint others in their stead, but they could not dissolve the trust in plain violation of the provisions of the trust agreement without any sufficient showing of reason why the business cannot be continued. None of the parties questioned the legality of the provisions of the trust agreement, and there was no showing that the business could not be properly continued by three well qualified trustees as was contemplated in the trust agreement.

The lower court erred in finding that Frank Eagin was not entitled to the attorney's fee of $500 paid to him. The Oklahoma Fullers Earth Company was made a party defendant, and it was necessary that it be represented by an attorney. Two of the three legally appointed trustees voted to employ him and this is sufficient under section 32, O. S. 1931. The fee having been earned and paid, the court was correct in not ordering it to be returned.

The issuance of the 9,853 shares of stock to Mrs. Turney was illegal and the same should be canceled. It is claimed that Cole was entitled to that many shares of stock for money which he had advanced to the company, and that he transferred his rights to Mrs. Turney. If Cole advanced anything for the benefit of the company, he should present his claim for same at a legal meet-

126

ing when all the trustees are present, and have it approved by a majority of the legally appointed trustees. But until his claim for money advanced has been thus approved, he is not entitled to any stock as payment therefor.

The judgment of the trial court is therefore reversed, with instructions to enter judgment in accordance with this opinion.

OSBORN, C. J., and RILEY, PHELPS, and CORN, JJ., concur.