## MYERS v. OKLAHOMA OIL & GAS ROYALTY CO. et al.

No. 30489. March 24, 1942.

Rehearing Denied June 15, 1943.

*138 P. 2d 109.*

Robert L. Hert, of Stillwater, for plaintiff in error.

Raymond H. Moore, Swank & Swank, Max E. Sater, and Geo. R. Taylor, all of Stillwater, for defendants in error.

CORN, V.C.J. This action was brought by a shareholder of the Oklahoma Oil & Gas Royalty Company, a declared trust, for the purpose of dissolving said trust, and for the appointment of a receiver to sell and distribute the assets and to settle and close the same. All of the remaining shareholders were brought in as parties defendant, along with the trustees, and demurrers to the plaintiff's petition were filed by the trustees and by a large majority of the shareholders. The demurrers were sustained, and upon the election of the plaintiff to stand upon his petition and his refusal to plead further, the case was ordered dismissed, and the plaintiff brought this appeal for the reversal of said judgment of the trial court.

The property of the trust consisted of certain oil and gas mineral rights in some 20 different tracts of land which were conveyed to five trustees to be held and administered according to the terms of the declaration of trust, which instrument was duly executed and recorded as required by law.

The authorized capital is $110,000, which is divided into 1,100 beneficial interests called shares, and the shareholders' interests are represented and evidenced by certificates issued by the trustees.

The sole question presented is whether the plaintiff's petition states sufficient grounds for the granting of the relief sought.

It is a general rule of law that a minority stockholder is precluded from maintaining an action to dissolve a business trust. The rule, as stated in 65 C. J., p. 1095, § 1037, is as follows:

"Ordinarily a stockholder in a business trust cannot have its affairs wound up and its assets distributed during the period for which the trust was organized under the declaration of trust, at least in the absence of a very clear showing of necessity."

In 12 C. J. S., p. 820, is found this statement:

"A business trust may not be dissolved in contravention of the provisions of the trust agreement unless adequate ground therefor appears."

And in Bogert on Trusts and Trustees, sec. 304, the rule is expressed in these terms:

"In one sense, of course, the business trust is not indestructible, since the shareholders, acting together or by vote of a specified portion, may always terminate the trust, but a single shareholder acting alone has no such power."

In the case of Oklahoma Fuller's Earth Co. et al. v. Evans et al., 179 Okla. 124, 64 P. 2d 899, the question of the power of the court to dissolve a business trust was presented, and this court stated the rule in paragraph 1 of the syllabus as follows:

"In an express or business trust created under authority of sections 11820-11823, both inclusive, O. S. 1931, a court of equity has the power to remove trustees whenever good cause is shown and appoint others in their stead, but cannot dissolve the trust in plain violation of the provisions of the trust agreement without sufficient showing of reasons why the business cannot be continued."

See, also, Phoenix Oil Co. v. Mc-Larren (Tex. Civ. App.) 244 S. W. 830; Hossack v. Ottawa Development Ass'n, 244 Ill. 274, 91 N. E. 439.

Under this rule the plaintiff's right of action is determined by the provisions of the instrument creating the trust, and if the relief sought is in violation of the provisions of the instrument, in the absence of proper allegations in the petition that the business cannot be continued, the plaintiff's petition fails to state a cause of action. That such a situation exists in this case is beyond question, in view of the following provision of the declaration of trust:

"7. The shareholders of the Association shall have no legal right in the trust property or to any title therein, or the right to call for a partition or division of the same, a dissolution of the trust, or an accounting, but shares hereunder shall be personal property, giving only the rights in the instrument and certificates thereof specifically set forth, carrying only the right to a division of the profits and to a division of the trust funds upon the dissolution of the trust."

The plaintiff complains that the trustees are inactive and are not pursuing the purposes of the trust and have paid no dividends to the shareholders. These complaints might be considered valid in a proceeding to remove the trustees, as such, but are insufficient as grounds for the dissolution of the trust. The plaintiff's petition does not state any fact that would indicate that the purposes of the trust are no longer capable of fulfillment under proper management, or that the business could not be properly continued as contemplated by the agreement, or any other facts or circumstances that would empower the court to decree a dissolution of the trust and the winding up of its affairs.

As a further ground for the dissolution of the trust the plaintiff alleged that the organization of the trust was illegally formed and that it does not now have any legal existence as a trust under the laws of this state for the reason that the duration thereof was not limited in the original declaration of trust to a definite period of not to exceed 21 years, or to the period of the life or lives of the beneficiary or beneficiaries thereof as provided in 60 O.S.A. § 172.

The period of duration specified in the instrument is as follows:

"This trust shall continue for 21 years after the death of the last surviving original trustee signing this agreement."

The beneficiaries of the trust are identified only as shareholders, and under the statute the limitation embraces the span of life of the beneficiary or beneficiaries, which in this instance is the life of the shareholders. It is therefore not apparent that the duration exceeds that fixed by statute.

In our view the petition does not state a cause of action, and the demurrer was properly sustained and the cause dismissed.

Judgment affirmed.

WELCH, C.J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.

RILEY, J. (dissenting). Myers prayed for dissolution of the Royalty Company, a "declared" trust, but, of course, his equitable prayer for the greater relief included a petition for the lesser, which may be management of the trust under supervision of the court so that the business venture would be advanced.

The trust was organized in 1922 for business purposes, connected with the production of petroleum and its by-products. Duration of the trust was sought to be made for 21 years after the death of the last original trustee. The trustees consisted of five individuals. The shareholders, according to the agreement, had only the right to division of profits and property of the trust at and on dissolution of the trust. They had no other legal right to the property, if any, of the trust. An expressed trust such as the one under consideration was and is authorized by section 11820, O. S. 1931, 60 O.S.A. 171, but its duration is expressly limited by section 11821, O. S. 1931, 60 O.S.A. 172, to "a definite period of not to exceed twenty-one (21) years, or to the period of the life or lives of the beneficiary or beneficiaries thereof. . . ." The shareholders are the beneficiaries of a trust and not necessarily the trustees. The twenty-one (21) years duration, first by statute stated, has now elapsed, and though that time had not elapsed when this action was instituted, that fact is not fatal to the cause of action pleaded. The trust was not created according to law. The instrument attempting to create it did not specify a "period of duration thereof within the limitations . . . provided" as required by law. The common-law rule, prevailing in cases of this character, was one against the creature when there was a remoteness of vesting. True the point of view at common law was that of effectiveness of the will or deed. The pessimistic attitude of those courts, when inquiring into the issue of trusts, vel non, is shown by tests whether alienation apart from the trust is at all possible. Bogert on Trusts & Trustees, vol. 1, par. 219. The doctrine of cy pres was not applied, but if the period of vesting is overextended, i. e., if to last for life of the beneficiary and ten years, whereas it would have been valid for life of the beneficiary, the chancellor would not lop off the unauthorized period and sustain the trust for life duration, but declare the trust void or at least voidable, allowing the trustee to receive legal title to the res but adjudging that the trustee holds the property as resulting trustee subject to divestiture either by successor to the resulting trustee, by the settlor of the trust or his assigns. (Idem.) The statute of Oklahoma requires limited duration of a trust expressed. At common law the period was not definite, but a reasonable one. (Idem, par. 218.) The remainder of the common-law rule stated applies in this jurisdiction, for in Phillips et al. v. Chambers, Ex'r, et al., 174 Okla. 407, 51 P. 2d 303, our very recent view is that, "Perpetuities are condemned by our Constitution. Section 32, art. 11, Okla. Const. The remote vesting of estate and restraint upon alienation thereof beyond limited periods are forbidden by our statutes. Sections 11756, 11758, and 11759, O. S. 1931. Trusts in relation to real property, except as authorized by statute, are forbidden. . . ." According to allegations of the petition there is nothing involved in the purported trust under examination except royalty connected with real property. There are no funds, not so invested or resulting from the investment.

It seems axiomatic that property possessed must of necessity belong to someone. The property under consideration is a royalty right in land. It is either owned by a trust, lawfully created, or its ownership is in those who attempted to grant it to a fictitious being, incapable of ownership by reason of nonexistence, or their assigns. An expressed or business trust is in the nature of a corporation. Legally it is either a being created by contract under the law, or it isn't. Whether the instrument purporting to create the trust did so or not is vital to the issue of applicability of rules of law stated in the majority opinion.

The rule stated in 65 C. J. 1095, §

1037, to the effect that ordinarily a stockholder in a business trust cannot cause dissolution and distribution of assets during the trust period, and like rules in 12 C.J.S. 820, Bogert on Trusts and Trustees, § 304, and Oklahoma Fuller's Earth Co. et al. v. Evans et al., 179 Okla. 124, 64 P. 2d 899, are beside the query because these rules presuppose lawful existence of trust and trust property. However, in the case last cited, it is said that such trusts are hybrids in nature, savoring of both corporations and partnerships, and that in the partnership aspects courts of equity have power to dissolve them for good cause, shown by shareholders, and in the absence of provision for dissolution contained in the instrument of creation. Herein there is no provision contained in the instrument of creation for dissolution, but to the contrary all provisions therein contained are intended to preserve the status quo.

The good cause here attempted to be shown by the aggrieved shareholder is nonmanagement, which it is urged amounts to mismanagement in view of the purpose of the enterprise being that of business as distinguished from that of an investment, looking toward unearned increments to be derived from the industry of others. Now looking to the phase of the trust that is corporate in its nature, mismanagement constitutes a statutory ground for appointment of a receiver to serve in lieu of a nonmanaging or mismanaging trustee or trustees. Riverside Oil & Refining Co. et al. v. Lynch et al., 14 Okla. 198, 243 P. 967. But such appointment does not necessarily result in dissolution, though it is a step in that direction, embraced in a general prayer for equitable relief. (Idem.) The allegation of the petition non- or mismanagement is specified to consist of the total absence of dividends, regular meetings of trustees and reports to shareholders, absence of uninvested funds and complete dormancy constituting abandonment of purposes in business and hope in monetary gain. This has been held sufficient either for replacement of trustees or dissolution of such trusts. Burnett v. Smith (Tex. Civ. App.) 240 S. W. 1007; Fletcher's Cyclopedia, Corp., vol. 16, §§ 8066-8081. See, also, 14a C. J., p. 1114, wherein failure of purpose, and 13 Am. Jur., par. 1295, abandonment of purposes by nonuse, is recognized as ground for dissolution at suit of a minority stockholder. Cases supporting the rule are plentiful. O'Connor v. Knoxville Hotel Ass'n et al., 93 Tenn. 708, 28 S. W. 308; Decatur Land Company et al. v. Robinson, 184 Ala. 322, 63 So. 522; 12 C.J.S. sec. 11, and Willis v. Chapman et al., 68 Vt. 459, 35 Atl. 459, 23 years' nonuse, dormancy, or abandonment is ample in time. To such a rule this court is committed by citation with approval of the case of Means et al. v. Lempia Royalties et al. (Tex. Civ. App.) 88 S. W. 2d 1080, wherein the remedy was held to be dissolution rather than revocation, withdrawal, and recovery of investment upon the ground of fraud as an inducement ab initio.

The purported trust under consideration did not limit its business purposes to a royalty investment by the instrument attempting to create it, but its purposes herein stated were broad and comprehensive, having to do with most phases of business connected with the oil industry. Having stated its purpose, it should well be bound by the statement.

Under allegations of plaintiff's petition, a reasonable deduction is that no business connected with the development of oil or gas or any petroleum product has been conducted by the purported trust, but that the existing condition will continue. That condition is, as aforesaid, simply that of holding the investment intact.

As tested by a demurrer, plaintiff's petition states a cause of action for equitable relief and the judgment should be reversed.