**LOONEY et al. v. DOSS et al.**

No. 14707.

Court of Civil Appeals of Texas.
Fort Worth.

July 13, 1945.

Rehearing Denied Sept. 7, 1945.

Earl E. Hurt, of Dallas, Karl A. Crowley, pro se, of Fort Worth, H. C. Shropshire, of Weatherford, Ballinger & Ballinger, of Miami, Okl., and Bryan, Stone, Wade & Agerton, J. B. Wade, and Lloyd E. Price, all of Fort Worth, for appellants.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee J. H. Doss, receiver.

McDONALD, Chief Justice.

By virtue of a declaration of trust executed on March 15, 1922, and other instruments thereafter executed, H. H. Tucker, Jr., became the sole trustee of certain lands and interests in lands. He sold beneficial shares or interests in the enterprise thereby created to many persons, the number of outstanding shares at the time of the trial involved here being estimated by Tucker at 6,000,000. In other words, Tucker was the sole managing trustee of the business trust thus organized. There is testimony in the record to the effect that the value of the properties belonging to said trust, plus money on hand, amounts to several hundred thousand dollars at the present time.

In 1934 Charles C. Looney, James Gayle and C. B. Newcomer filed suit in the District Court of Parker County, Texas, naming as defendants the said H. H. Tucker, Jr., individually and as trustee, and the said common law trust, which was known as The Texas American Syndicate. The petition is lengthy, but it suffices here to say that it alleged fully the facts surrounding the formation of the trust and the business being carried on, the ownership of an aggregate of some 29,000 shares or interests in said business trust by the plaintiffs, and the management of said trust by Tucker. It further alleged that shortly before the filing of said petition Tucker had been convicted in the Federal Court at Dallas of participating in a fraudulent use of the mails and had been sentenced to serve four years in the penitentiary. It alleged that Tucker was in jail, and that the properties of the trust were in danger of being lost or materially injured unless there was some person to take immediate charge and control thereof, and that it was vital to the interests of the shareholders that a receiver be immediately appointed to preserve and protect the properties. It alleged that it was necessary to remove Tucker as trustee. The prayer was for the immediate appointment of a receiver, and that the court, at a later date, should cause to be held a stockholders meeting for the purpose of considering the election of a substitute trustee, and that the court should then permanently remove Tucker as trustee. There was a concluding prayer for general relief. The plaintiffs alleged that they prosecuted the suit for themselves and for the benefit of and in the interest of all the shareholders of the trust.

On the same day that the above petition was filed, the court appointed J. H. Doss as receiver, granting him broad powers with respect to the management and operation of the properties of the trust, and decreeing that the order might be amended, amplified, enlarged or modified at any future time, as the court might direct.

It appears that no citation was served on Tucker or The Texas American Syndicate, but Tucker testified at the hearing from which this appeal is taken that he wanted the receivership petition filed, and that it was filed by the attorney who had been acting as attorney for Tucker and the trust. It further appears without dispute from the testimony that Tucker had actual knowledge of the receivership, and that he afterwards worked in close conjunction with the receiver in the handling of the business of the trust.

It appears without dispute that most, if not all, of the debts of the trust have been paid, with the exception of certain moneys owing to the State of Texas on the purchase price of some of the lands belonging to the trust, and certain vendor's lien notes claimed by Tucker or members of his family against certain of the properties. The receiver has more than $25,000 in cash on hand belonging to the trust.

There has been no order of the court removing Tucker as trustee, unless it could be said that the order appointing a receiver had that effect by implication, a question we need not decide, nor has there been any move under the auspices of the receiver or the court below to bring about the appointment of a substitute trustee. The receiver apparently managed and controlled the properties and affairs of the trust with the cooperation of Tucker, and without protest or objection from anyone, until the time of the filing of the motions hereinafter described. The evidence indicates that the receiver has handled many transactions, including the execution of many conveyances, and that he has collected in the neighborhood of $225,000 during the period of receivership.

On March 15, 1945, Tucker filed a motion alleging, in substance, that he was the sole trustee named in the declaration of trust; that in addition to his authority as trustee, he was attorney-in-fact for more than a majority of the shareholders, both as to numbers and as to amounts of stock owned by them; that the plaintiff Looney had

filed a motion to take a non-suit, that the plaintiff Gayle had died, and that the plaintiff Newcomer had no substantial interest in the trust and was not represented by an attorney and had never appeared personally or otherwise in the suit since it was filed; that if there were ever any grounds for receivership they had ceased to exist and that there was no justifiable reason for continuance of the receivership; that before the hearing of such motion there would be a lawfully appointed substitute trustee to serve in Tucker's stead; that the allowances for fees and expenses made by the court to the receiver were fair and reasonable; and that the best interests of the stockholders required a termination of the receivership. The prayer was that the receivership and the suit be dismissed; that the receiver turn over all property, books, and records to the substitute trustee; that the receiver report to the court the property turned over to the substitute trustee; and that the receiver and the sureties on his bond be discharged after paying any unpaid costs of court. There was also a prayer for general relief.

On April 2, 1945, Charles C. Looney filed a motion, alleging that the properties and business of the trust had been operated by the receiver for eleven years; that the plaintiffs in the suit, Looney, Gayle and Newcomer, had not prosecuted the suit, nor made any attempt to do so, since the filing of the suit in 1934, and that they have no attorney to represent them; that Looney now believes that he has no just cause of action against the defendants in the cause, and believes that no grounds exist for the appointment or continuation of the receivership; and that he does not desire to prosecute the suit; that Looney takes a non-suit and prays that the cause of action be dismissed and that the full title and possession of all assets of the trust now held by the receiver be restored to the trustee, and that the receiver be required to file his final report and upon the filing of same be discharged as receiver. The motion is signed by Looney, for himself.

On April 26, 1945, R. J. Golightly filed a pleading, alleging that he had been given leave on April 2, 1945, to intervene in the case; that he has examined the motions of Looney and Tucker to dismiss the suit; that he is the owner of 100,000 shares of the stock and validating certificates of the trust; that he has made some independent investigation of the affairs of the trust;

that as a result of such investigation he is convinced that it is to the best interests of the stockholders that the suit be dismissed and that the possession of the assets of the trust be delivered to Karl A. Crowley, trustee of the trust. He prays that the suit be dismissed and that the receiver surrender the assets of the trust to the trustee, and that the receiver be discharged.

On April 30, 1945, Golightly filed another motion, adopting "all motions filed by the Plaintiff, Charles C. Looney, and the Defendant, H. H. Tucker, Jr., Trustee," and moving the court to dismiss the suit and discharge the receiver.

On April 30, 1945, there was filed a motion by Tucker and Looney, signed by Earl E. Hurt and Karl A. Crowley as their attorneys, reciting that Tucker and Looney were appearing on behalf of themselves and all other persons having an interest in the subject matter of the suit. They moved to dismiss the suit and to have the receiver discharged, adopting their former motions, and further alleging: That all proceedings had in the cause since the filing of the cause were void because no cause of action was stated by the defendants; that the action of the court in appointing a receiver was void because the plaintiffs' petition failed to state a cause of action against the defendants within the jurisdiction of the court, and because the petition on its face showed that the court did not have jurisdiction of the cause of action; that no cause of action has been prosecuted since the suit was filed, and that the suit has been abandoned and discontinued as a matter of law; that, in the alternative, the suit is moot, the purposes of same having been served, and that no judgment may be rendered against defendants or their property; that Looney admits and Tucker urges that this is not a class suit; that every person actually represented in the litigation has joined in motions to dismiss the suit and that there are no lawful grounds for continuance of same. The prayer is that the suit be dismissed, that the receiver file his last report, that he be discharged, and that all property of the trust be delivered to the trustee.

On April 30, 1945, the receiver filed a lengthy answer, containing numerous exceptions which we shall not set out, and alleging that notice should be given to the stockholders of the move to terminate the receivership.

Tucker and Looney filed a reply to the answer of the receiver. We do not consider it necessary to set out the contents of the reply.

On May 22, 1945, there was filed a motion by Karl A. Crowley, alleging that he was trustee of the trust; that there was no pending cause of action between plaintiffs and defendants in the case; that the cause of action should be dismissed; and that Crowley was lawfully entitled to all property of the trust. He prayed that the receiver be required to turn over forthwith all property of the trust. He attached to such motion a judgment of one of the district courts of Dallas County, bearing date of May 19, 1945, purporting to appoint Crowley as trustee, and also certain instruments in writing executed by Tucker, purporting to appoint Crowley as trustee.

On May 22, 1945, the court entered an order, reciting that on that day there came on for final hearing and argument the motions, which are above described, of Looney, Tucker and Looney, and Crowley, and the answer of the receiver; that Looney's motion was presented on April 2, 1945, and the hearing on it continued to April 30th; that the motions of Looney and Tucker, and the intervention of Golightly, were heard on April 30th and May 1st; and that all motions were. finally .heard on May 22nd. The order then adjudges that all of said motions should be "overruled and disallowed," and notes the exception and notice of appeal of each of the movants. Immediately following the above order, there appears in the transcript an entry bearing the signature of the trial judge, designated as "Statement of the Court in Connection with Judgment." The substance of it is that the court held a preliminary hearing and concluded that steps should be taken to close the receivership and make disposition of assets of the estate; that the court was of opinion that the suit was a class suit and that the stockholders should have notice of the move to terminate the receivership as provided in Rule 42, Texas Rules of Civil Procedure; that the plan was outlined and steps were taken to compile a list of stockholders and their addresses in order that notice could be given .them of the date on which the court would finally dispose of the motions; that it was contemplated that a report should be filed by the receiver; that the proponents of the various motions, however, insisted that the suit should be summarily dismissed and the property turned over to the substitute trustee at once and that the giving of notice to the stockholders was not proper, and insisted that the various motions to dismiss the suit be acted on at once; and that thereupon the court overruled each and all of said motions.

A lengthy statement has been required to give a complete picture of the situation presented on the appeal.

We cannot agree with appellants in their contention that the petition filed in 1934 was insufficient to serve as a basis for the appointment of the receiver, especially as against an attack made at this late date, nor can we agree with them on their proposition that the plaintiff Looney had a right to require the suit dismissed on his motion for a non-suit.

■ The petition presented a situation where the trustee was incapacitated to act, and where the interests of the trust required immediate interposition by a court of equity in order to save loss to the stockholders. 65 C.J. 1096; 4 Pomeroy's Equity Jurisprudence, 5th Ed., p. 928. Clearly, to our minds, the import of the prayer was for a receiver to take charge until a new trustee could be appointed. It is noteworthy that Tucker testified in the court below that he wanted a receiver to be appointed, and that the attorney who had been representing Tucker and the trust filed the application for the receivership.

■ The plaintiffs plainly .alleged that they were bringing suit for themselves and the other stockholders. It was the situation which existed, and not the desire of the plaintiffs which warranted the receivership. Once the court had appointed a receiver, by reason of that situation, it was no longer the prerogative of the plaintiffs to say whether the receivership should continue. If the situation changed so that a receiver was no longer needed, the question of such change was addressed to the judicial discretion of the court, and was not a matter to be decided solely by the three plaintiffs who brought the suit. The receivership was for the benefit of all the stockholders, not merely the three who brought the suit. We see no room for argument about the fact that this is a class suit. We also note, although it is not material under our view, that only one of the three plaintiffs undertook to take a non-suit.

The question now is whether or not, in view of the present situation, the receiver-

ship should be terminated. Under such authorities as Phoenix Oil Co. v. McLarren, by this court, reported in 244 S.W. 830, it seems to us under the showing made thus far, that the receivership in this case should be terminated, and the trust turned over to the trustee newly selected, in some expeditious manner, and upon proper proof of the appointment of the new trustee. We do not consider whether it should have been turned over to Tucker, because it does not appear that any request was made of the court to turn it over to any person other than the new trustee, Mr. Crowley.

■■ "In determining whether to continue a receivership or discharge the receiver, the court will consider the rights and interests of all parties concerned, and will not grant an application merely because it is made by the party at whose instance the appointment was made, although when the purposes of the receivership have been accomplished, it is held to be the duty of those at whose instance the appointment was made to apply for the receiver's discharge, if they would not be bound by his future conduct under apparent authority. * * *

"Whenever the reason or necessity for a receivership ceases to exist the property should be discharged therefrom, although the mere coming into existence of this state of things does not ipso facto discharge the receiver." 53 C.J. 87, 88.

■■ Upon elemental principles, the court is under obligation to exercise judicial discretion in seeing to it that the receiver appointed by him turns the valuable properties belonging to the trust over to the person who is in law entitled thereto. 53 C.J. 228. This receivership had continued for eleven years before any motion was made, so far as this record shows, for a termination of the receivership. From the statement made by the court in connection with his judgment it appears that he considered it proper to give to the stockholders some sort of notice of the move to terminate the receivership and turn the estate over to Mr. Crowley as substitute trustee. It seems to us, both by reason of the provisions of Rule 42, Rules of Civil Procedure, and by reason of the inherent power of the court to employ reasonable methods of protecting the interests of the many stockholders who were not formal parties to the suit, but whose property was affected thereby, that the court, if he saw fit, might reasonably require that some sort of notice be given to the stockholders of the move to terminate the receivership, so that, if they had valid objection to such a move, they might have opportunity to be heard. A lone stockholder asked that the suit be dismissed. Another intervened, asking that it be dismissed. Then the former trustee, and later the substitute trustee, made the same request. Tucker testified that there had been issued some 6,000,000 shares of stock in this enterprise. The receiver estimated that the properties of the trust were worth perhaps three quarters of a million dollars. He had more than $25,000 in cash on hand. We can conceive of no valid objection to the desire of the trial court to notify the stockholders, in some reasonable manner, of the contemplated action.

■ The receiver suggests that the order of the court was merely interlocutory, and thus not appealable. We think that the terms of the order are such that it is final, at least as to the motion of the substitute trustee to terminate the receivership and deliver the assets of the trust to him. As the order reads it might be construed, if allowed to stand, as a final bar to the effort of the substitute trustee to take possession of the estate. The statement of the court, made in connection with the order, may indicate that he merely intended to deny the motions until notice had been given, but the language of his order is final in its character.

The judgment of the trial court is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. The costs of appeal are adjudged against the receiver, to be paid out of the assets of the trust.