## CROWLEY v. CARTER, District Judge, et al.

## No. 14758.

Court of Civil Appeals of Texas. Fort Worth.

March 1, 1946.

H. C. Shropshire, of Weatherford, and Lloyd E. Price and Bryan, Stone, Wade & Agerton, all of Fort Worth, for Karl A.

Crowley, trustee of Texas American Syndicate, relator.

Grindstaff, Zellers & Hutcheson, of Weatherford, for G. A. Holland, receiver.

Ben J. Hagman and George A. McCall, both of Weatherford, for respondents Buck Helean et al.

J. B. Stigall, Jr., of Dallas, for respondents Vangie Tidwell et al.

SPEER, Justice.

A receivership for "Texas American Syndicate," a common law trust, had been pending in the District Court of Parker County for approximately eleven years. In 1945 a motion was made by interested parties to vacate the receivership, a hearing was had on the motion, and a judgment entered by the trial court. Appeal was perfected to this court and that judgment was reversed and the cause remanded. Looney et al. v. Doss et al., 189 S.W.2d 207. A rather comprehensive historical background of the case was set out by us in that opinion and need not be repeated here.

Subsequent to the time when we remanded the cause to the trial court a hearing was set by the court for January 7, 1946, at which time nine parties residing in different states, claiming to be minority shareholders in the Trust Estate, purporting to act for themselves and for all other persons situated as they were, intervened in the trial court. The substance of the relief sought by them was to defeat the pending motions before the court to dismiss the receivership proceedings and the return of the property to any trustee under the Trust Agreement but sought the liquidation of the estate by the receiver and the proceeds arising therefrom to be divided pro rata among the shareholders. A trial was had and after all evidence was in, the trial court expressed his belief to be that the receivership should not be then terminated, but that the Trust Estate should be liquidated and the proceeds divided among those to whom it belonged. The court drafted a judgment to that effect but did not order it entered at that time.

After the trial court had announced what his judgment would be and had drafted the form thereof, but before ordering it entered in the minutes of the court, Relator Karl A. Crowley, one of the movants in said cause to dismiss the receivership proceedings, filed with this court his application for judgment by this court and asked for a writ of prohibition and in the alternative for a writ of mandamus, naming Judge Carter, the receiver, and each of the nine interveners as respondents. Relator asserts, in his elaborate application, that a vast majority of the shareholders in the Trust Estate, under the terms and provisions of the Trust Agreement to which they were all parties, had by their respective powers of attorney elected him (Relator) the trustee of said estate, and that he is thereby entitled to receive and possess all said assets; he alleges facts showing that a necessity no longer exists for a receivership. His prayer for the relief sought is as follows:

"Wherefore, premises considered, relator prays that notice be issued and served on the respondents named herein or their attorneys of record, and that upon hearing hereof that this Honorable Court render its judgment vacating the receivership in cause number 9012 in the District Court of Parker County, Texas, and directing the respondent G. A. Holland, receiver, of Texas American Syndicate, to forthwith deliver unto relator all the assets of Texas American Syndicate now in his hands as such receiver and make accounting thereof; that in addition to such judgment by this Honorable Court, a permanent writ of prohibition commanding the District Court of Parker County, Texas, and J. E. Carter, the regular District Judge thereof, to desist and refrain from entertaining or further considering any proceeding in cause number 9012 in said court, or any other suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment of this Court entered as set forth in the mandate of this Court, in this cause, on July 13, 1945, and any judgment rendered hereunder. In the alternative relator prays that this Honorable Court issue its writ of mandamus requiring, directing and compelling the respondent Judge J. E. Carter, Judge of the District Court of Parker County, Texas, to forthwith and within a time to be prescribed by this Court, vacate the receivership in said cause number 9012 and direct the respondent G. A. Holland, receiver, to turn over and deliver unto relator all the property, books, records, accounts, lands and money now in his hands as such receiver; further that a permanent writ of prohibition issue against said respondent Judge J. E. Carter from entertaining or

further considering any intervention or proceeding in said cause number 9012 in said court, or any other suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment entered pursuant to the mandate of this Court, issued out of this cause on July 13, 1945, on this proceeding, and prohibit him from continuing this cause in receivership or appointing another receiver in any action inconsistent with the mandate of this Court; and relator prays for such other writs and orders that may be deemed necessary by the Court to enforce any judgment it may render herein, and so will he now pray."

Relator advised the trial court of his application pending in this court and that court refrained from actually entering the proposed judgment until this court could act upon Relator's application.

It will be noted that Relator sought in this court (a) judgment, vacating the receivership and an order directing the receiver to deliver immediately all assets of the estate to relator; (b) a writ prohibiting respondent Carter from further considering any proceeding having for its purpose to "attack, challenge, question, modify, change or alter the judgment of this court (Court of Civil Appeals) in this cause, on July 13, 1945" (Looney v. Doss, supra); and alternatively, (c) a writ of mandamus directing respondent Carter to forthwith vacate said receivership proceedings and to order the present receiver to deliver the assets to relator.

▇ Aside from the provisions of Articles 1823, R.C.S., and 1824, R.C.S., Vernon's Ann.Civ.St. art. 1824, pertaining to writs for the preservation of the jurisdiction of the Courts of Civil Appeals and the authority of such courts to issue the writ of mandamus to compel a judge of an inferior court "to proceed to trial and judgment in a cause," our jurisdiction is limited to appellate procedure, and we may not hear the evidence adduced at a trial before a District Court and render judgment thereon until the trial court has in some way passed upon the issues made. Then it is our function to review the judgment so entered. In the view we take of the situation before us we may not render a judgment in this cause as prayed for.

▇ We are asked in the application to issue our writ prohibiting respondent Carter, the district judge, from considering any further proceedings which have for their purpose "to attack, challenge, question," etc., a judgment rendered by this court on July 13, 1945, above cited. If the application be taken at its face value and reading it is elemental that we could and should issue the writ of prohibition, but the application is predicated upon the assumption that we had entered a definite judgment determinative of the legal rights of all parties concerned. We think our opinion (Looney v. Doss, 189 S.W.2d 207, 210) cannot be so construed. We were reviewing a judgment rendered in a cause in which relator here and others were seeking to have a longstanding receivership dismissed and vacated and without further hearing to have the then receiver to deliver all assets of the Trust Estate to relator as the new trustee. At that trial or hearing only the receiver resisted the motions. Movants were insistent upon the court sustaining their motions. Apparently because there were so many interested shareholders the court deemed it advisable that before the receivership was finally terminated and the estate passed into the hands of a trustee, the shareholders should be advised of the proceedings as provided in Rule 42, Texas Rules of Civil Procedure, and then and there "overruled and disallowed" all motions.

In our opinion we said: "The question now is whether or not, in view of the *present situation,* the receivership should be terminated. Under such authorities as Phoenix Oil Co. v. McLarren, by this court, reported in 244 S.W. 830, it seems to us *under the showing made thus far,* that the receivership in this case should be terminated, and the trust turned over to the trustee newly selected, in some expeditious manner, and upon proper proof of the appointment of the new trustee." (We have added the emphasis.) We approved of the trial court's expressed intention of giving the shareholders notice of the motions then under consideration "so that, if they had valid objection to such a move, they might have opportunity to be heard." Our statement in the opinion that "the receivership should be terminated" was clearly predicated upon the "present situation" and "under the showing made thus far." It appears to us that it would have been a useless thing for us to approve of the trial court's asserted intention of giving the shareholders notice of the motions before him "so that, if they had valid objection

to such a move, they might have opportunity to be heard" and not thereafter, when they responded to such notice and interposed their objections, take no cognizance of them whatever. Our opinion was based upon the "present situation" and "under the showing made thus far," and not what it might thereafter be if valid objections were filed by shareholders to the vacating of the receivership. We expressed no opinion as to what rights might be presented by objections, nor do we now determine what, if any, rights are affected by such objections. The remand of the case by us had the effect of leaving the cause stand on the docket until a subsequent hearing should be had, and if conditions were the same upon another hearing, the judgment to be entered should not be inconsistent with our opinion. It is obvious that a different situation has now arisen. New issues of fact and law are before the trial court for his determination.

■ It is argued by relator that this being a class suit, persons represented in the "class" could not intervene and inject matters into the case that had not been previously raised by those assuming to act for the class. We cannot agree with this contention. We think any interested party may, by intervention, urge any matter of his own interest, rather than be bound by the manner in which another attempts to prosecute or defend his suit while purporting to be a representative of all parties in the class.

■■ Referable to the alternative plea for the writ of mandamus directing respondent Carter to forthwith "vacate the receivership" and to direct the receiver to deliver to relator all assets of the Trust Estate, we hold that under the present state of the record we are not authorized to grant the request. This would be the equivalent of deciding the merits of the case when no appeal is pending before us from a judgment rendered by a trial court, such as prayed for under our above subdivision "(a)" in this opinion. Generally, the writ of mandamus is a summary one issued by a proper court to an individual, official, or board, to whom it is addressed, to perform some specific legal duty to which the party applying for the writ is entitled under a legal right to have performed. Chicago, R. I. & G. R. Co. v. State, Tex.Comm.App., 263 S.W. 249. In Wortham v. Walker, Land Com., 133 Tex. 255, 128 S.W.2d 1138, 1151, the Supreme Court quoted with approval from Ferris on Extraordinary Legal Remedies, this terse summation of the office of the writ of mandamus: "The office of mandamus is to execute, not adjudicate." If upon the appeal before this court in Looney v. Doss, supra, we had reversed and rendered a judgment, rather than reverse and remand the cause as we did, there would be justification for us to apply the writ of mandamus and require the trial court to execute or enter the judgment directed by us.

In this discussion we have not attempted to in any way pass upon the merits or demerits of the judgment which the trial court apparently proposes to enter. If, as, and when he does enter such judgment and appeal therefrom is brought before us, we will pass upon it. No one is authorized to assume that we have here, even by implication, approved or disapproved what was done at the last hearing, or that may hereafter be done. Such issues of fact and law raised before the trial court since the appeal that was before us are not yet before us and we have purposely refrained from expressing any opinion thereon.

For the reasons stated and the further explanations added, we overrule the application now before us.