NO.
12-06-00204-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: ROBERT M.
DAVIDSON AND     §          ORIGINAL PROCEEDING

VANESSA E. KOMAR,
RELATORS

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            In this
original proceeding, Robert M. Davidson and Vanessa E. Komar seek mandamus
relief from an Arizona judgment, which the real parties in interest, Jay
Grossman and Eudice Grossman, are attempting to enforce in Gregg County, Texas.  Specifically, Davidson and Komar ask this
Court to direct the trial court to declare the judgment void or, alternatively,
ask this Court to declare the judgment void in this proceeding.[1]  We deny the writ.

 

Background

            The Grossmans are the holders of a
final judgment against Davidson and Komar. 
The judgment was entered on March 23, 2005 in the Superior Court of Pima
County, Arizona, in trial court cause number C-333954 styled “Jay Grossman and
Eudice Grossman vs. Robert Michael Davidson and Vanessa Davidson, a.k.a.
Vanessa E. Komar.”  The judgment is for
$7,849,031.27, plus postjudgment interest as therein provided.  The Grossmans filed an authenticated copy of
the judgment in Gregg County pursuant to the Uniform Enforcement of Foreign
Judgments Act and have sought various orders from the respondent trial court to
enforce the judgment.

            On November
9, 2005, Davidson and Komar filed a motion in the trial court seeking a
declaration that the judgment is void. 
On June 6, 2006, Davidson and Komar filed a “renewed” motion for
declaratory relief alleging additional “hidden facts” in support of the motion.[2]  In their motion, Davidson and Komar assert
that the Arizona trial judge who signed the judgment was disqualified, which
deprived the Arizona trial court of subject matter jurisdiction.  Therefore, they allege, the judgment is
void.  The trial court has not ruled on
the  motion.  Davidson and Komar filed this original
proceeding on June 15, 2006.

                        

Availability
of Mandamus


            A writ of
mandamus is a judicial writ directed at an individual, official, or board to
whom it is addressed to perform some specific legal duty to which the relator
is entitled under legal right to have performed.  Crowley v. Carter, 192 S.W.2d
787, 790 (Tex. Civ. App.–Fort Worth 1946, orig. proceeding).  Mandamus will issue to correct a clear abuse
of discretion where there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992). 

            Davidson and
Komar have not alleged or shown that the trial court abused its discretion
relating to the motion.  Moreover, the
trial court has not ruled on the motion. 
Consequently, Davidson and Komar have failed to satisfy the first
prerequisite to mandamus.  See id.
at 839-40.  Nevertheless, they ask this
Court, in effect, to preempt the trial court’s exercise of its discretion to
rule on their motion by ordering the trial court to grant the requested
declaratory relief.  Alternatively,
Davidson and Komar ask this Court to declare the judgment void.  We are mindful that “[t]he office of mandamus
is to execute, not to adjudicate.  It
does not ascertain or adjust mutual claims or rights between the parties.”  Wortham v. Walker, 133 Tex.
255, 128 S.W.2d 1138, 1145-46 (1939). 
The relief Davidson and Komar seek from this Court is an adjudication,
which is not available in this proceeding.

 

Conclusion

            Davidson and
Komar have failed to show that the trial court abused its discretion.  Therefore, we need not address whether they
have an adequate remedy by appeal.  See
Tex. R.




 App. P. 47.1.  Because Davidson
and Komar have not shown themselves entitled to mandamus relief, the petition
for writ of mandamus is denied.

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                           Justice

 

 

Opinion delivered June 30,
2006.

Panel consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Respondent
is the Honorable David Brabham, Judge of the 188th Judicial District Court, Gregg
County, Texas.





[2] For
purpose of this opinion, we construe the “renewed” motion as an amended motion
for declaratory relief.