COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-355-CV

 

 

WELLS FARGO HOME                                                          APPELLANT

MORTGAGE, INC.

 

                                                   V.

 

AMBERLE D=EON ALFORD                                                        APPELLEE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Wells
Fargo Home Mortgage, Inc. appeals from the trial court=s denial
of its motion to dissolve a receivership on residential property in Frisco,
Texas (Athe
Property@).  In two issues, Wells Fargo argues that the
trial court abused its discretion by denying its motion to dissolve because the
original order appointing the receiver had been automatically terminated when
the court entered a final decree of divorce between Appellee Amberle D=eon
Alford and Ryan Alford, or if it had not been terminated, there was no
permissible purpose for continuing the receivership.  Because we hold that the trial court did not
abuse its discretion by denying Wells Fargo=s
motion, we affirm.

Amberle
and her then-husband Ryan signed a deed of trust to secure a promissory note
executed by Ryan.  The deed of trust
granted Washington Mutual Bank (AWAMU@) a
security interest in the Property, the Alfords=
residence.  The Alfords subsequently
filed for divorce, and the trial court entered a temporary order providing that
the parties would attempt to sell the Property. 
Ryan was permitted to live at the Property as long as he timely made the
mortgage payments.

Several
months later, Amberle filed a motion for the appointment of a receiver,
claiming that Ryan had threatened to allow the Property to go into foreclosure
unless she agreed to a settlement.  The
trial court granted her motion and appointed a receiver.

Before a
decree of divorce had been entered, WAMU filed a motion to dissolve the
receivership.  This motion was not ruled
on by the court.  Two months later, on
May 23, 2007, the trial court entered a final decree of divorce.  The decree awarded the Property to Amberle,
conditioned upon her refinancing.  The
divorce decree did not make any express ruling regarding the receivership.








Wells
Fargo subsequently sought to foreclose on the Property.  On October 2, 2007, Amberle filed an
application for a temporary restraining order and a hearing for a temporary
injunction to enjoin Wells Fargo from foreclosing on the property on the ground
that the receivership was still in place.

Wells
Fargo filed a motion to dissolve the receivership, alleging that it was the
current mortgage servicer of the note and the deed of trust.  It argued that the receivership had not
survived the divorce, or if it had, it should be dissolved because it served no
permissible purpose.  The trial court
denied Wells Fargo=s motion after a hearing and
ordered that appointment of the receiver remain in effect until further order.








We
review a trial court=s denial of a motion to dissolve
a receivership under an abuse of discretion standard.[2]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[3]

In
deciding whether to discharge a receiver, the trial court considers the rights
and interests of the parties concerned.[4]  Wells Fargo, however, did not establish that
it has any right or interest in the Property.[5]  The deed of trust at issue was for the
benefit of WAMU.  The note secured by the
deed of trust was given by WAMU.  No
evidence in the record demonstrates Wells Fargo=s right
or interest in the Property.  Because no
evidence demonstrates that Wells Fargo has any interest affected by the
receivership, we cannot say that the trial court abused its discretion by
denying Wells Fargo=s motion.








In
Amberle=s reply
brief, she challenges Wells Fargo=s
standing.  In response, Wells Fargo
argues that we must take its pleadings as true and that in its pleadings, it
asserted that it was the mortgage servicer for the loan, which gave it the
right to foreclose on the Property.  A
court may have to take a party=s
pleadings as true in determining a party=s right
to be heard, that is, for jurisdictional purposes,[6]
but a trial court does not have to take a party=s
pleadings as true in determining whether a party has established its right to
the relief it requests.[7]  Standing aside, once Wells Fargo was given
the opportunity to be heard, it had to establish that it was entitled to have
the receivership dissolved.  Because it
failed to so, the trial court did not abuse its discretion by denying Wells
Fargo=s
requested relief.  We overrule both of
Wells Fargo=s issues.








Having
overruled Wells Fargo=s two issues, we affirm the
trial court=s order denying the motion to
dissolve the receivership.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MEIER, JJ.

 

DELIVERED:  January 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Chase Manhattan Bank
v. Bowles,
52 S.W.3d 871, 879 (Tex. App.CWaco 2001, no pet.) (stating that because a
motion to release  property from
receivership has the same goal as motions to dissolve injunctions, an appellate
court reviews them under same standards); see also Dayton Reavis Corp. v.
Rampart Capital Corp., 968 S.W.2d 529, 531 (Tex. App.CWaco 1998, pet. dism=d w.o.j.) (stating that
an appointment of a receiver is an equitable remedy within the sound discretion
of the court, which will not be disturbed on appeal absent an abuse of
discretion); Covington Knox, Inc. v. State, 577 S.W.2d 323, 325 (Tex.
Civ. App.CHouston [14th Dist.]
1979, no writ) (noting that appointment of a receiver is within the sound
discretion of the trial court, and such order will not be overturned absent a
clear abuse of discretion).





[3]Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004).





[4]Looney v. Doss, 189 S.W.2d 207, 211
(Tex. Civ. App.CFort Worth 1945, no
writ).





[5]See Gibson v. Bostick
Roofing & Sheet Metal Co., 148 S.W.3d 482, 493 (Tex. App.CEl Paso 2004, no pet.) (AIn any foreclosure suit,
the plaintiff must establish the existence of a valid obligation owing to him
by the defendant because foreclosure is merely a method of assuring payment of
the plaintiff's claim.@); Mortgage Elec.
Registration Sys. v. Young, No. 2‑08‑088‑CV, 2009 WL
1564994, at *4B5 (Tex. App.CFort Worth June 4, 2009,
no pet.) (mem. op.) (holding that because there was no evidence in the record
showing an assignment or conveyance from the record owner of property to the
appellant mortgage servicing entity, nothing showed that the appellant owned
the property or had a superior right of possession to it).





[6]See City of Fort Worth v.
Shilling,
266 S.W.3d 97, 101 (Tex. App.CFort Worth 2008, pet. denied)  (stating that in reviewing a trial court=s ruling on a plea to the
jurisdiction, we accept the pleadings= factual allegations as true but that A[i]f a plea to the
jurisdiction challenges the existence of jurisdictional facts, as in this case,
we consider relevant evidence submitted by the parties that is necessary to
resolve the jurisdictional issues@).





[7]See In re Smith, 260 S.W.3d 568, 573
(Tex. App.CHouston [14th Dist.]
2008, no pet.) (stating that whether the grandparent could succeed in its suit
is a different question than whether the grandparent has the right to bring
suit); Doncer v. Dickerson, 81 S.W.3d 349, 356 (Tex. App.CEl Paso 2002, no pet.) (AIt should always be borne
in mind that standing to sue does not mean a right to win, but merely a right
to be heard in court.@).