

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-355-CV

WELLS FARGO HOME                                        APPELLANT
MORTGAGE, INC.

V.

AMBERLE D'EON ALFORD                              APPELLEE

------------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Wells Fargo Home Mortgage, Inc. appeals from the trial court's denial of its motion to dissolve a receivership on residential property in Frisco, Texas ("the Property"). In two issues, Wells Fargo argues that the trial court abused its discretion by denying its motion to dissolve because the original order appointing the receiver had been automatically terminated when the court

---

[1] *See* Tex. R. App. P. 47.4.

entered a final decree of divorce between Appellee Amberle D'eon Alford and Ryan Alford, or if it had not been terminated, there was no permissible purpose for continuing the receivership. Because we hold that the trial court did not abuse its discretion by denying Wells Fargo's motion, we affirm.

Amberle and her then-husband Ryan signed a deed of trust to secure a promissory note executed by Ryan. The deed of trust granted Washington Mutual Bank ("WAMU") a security interest in the Property, the Alfords' residence. The Alfords subsequently filed for divorce, and the trial court entered a temporary order providing that the parties would attempt to sell the Property. Ryan was permitted to live at the Property as long as he timely made the mortgage payments.

Several months later, Amberle filed a motion for the appointment of a receiver, claiming that Ryan had threatened to allow the Property to go into foreclosure unless she agreed to a settlement. The trial court granted her motion and appointed a receiver.

Before a decree of divorce had been entered, WAMU filed a motion to dissolve the receivership. This motion was not ruled on by the court. Two months later, on May 23, 2007, the trial court entered a final decree of divorce. The decree awarded the Property to Amberle, conditioned upon her refinancing. The divorce decree did not make any express ruling regarding the receivership.

Wells Fargo subsequently sought to foreclose on the Property. On October 2, 2007, Amberle filed an application for a temporary restraining order and a hearing for a temporary injunction to enjoin Wells Fargo from foreclosing on the property on the ground that the receivership was still in place.

Wells Fargo filed a motion to dissolve the receivership, alleging that it was the current mortgage servicer of the note and the deed of trust. It argued that the receivership had not survived the divorce, or if it had, it should be dissolved because it served no permissible purpose. The trial court denied Wells Fargo's motion after a hearing and ordered that appointment of the receiver remain in effect until further order.

We review a trial court's denial of a motion to dissolve a receivership under an abuse of discretion standard.[2] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without

---

[2] *See Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 879 (Tex. App.—Waco 2001, no pet.) (stating that because a motion to release property from receivership has the same goal as motions to dissolve injunctions, an appellate court reviews them under same standards); *see also Dayton Reavis Corp. v. Rampart Capital Corp.*, 968 S.W.2d 529, 531 (Tex. App.—Waco 1998, pet. dism'd w.o.j.) (stating that an appointment of a receiver is an equitable remedy within the sound discretion of the court, which will not be disturbed on appeal absent an abuse of discretion); *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 325 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) (noting that appointment of a receiver is within the sound discretion of the trial court, and such order will not be overturned absent a clear abuse of discretion).

reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[3]

In deciding whether to discharge a receiver, the trial court considers the rights and interests of the parties concerned.[4] Wells Fargo, however, did not establish that it has any right or interest in the Property.[5] The deed of trust at issue was for the benefit of WAMU. The note secured by the deed of trust was given by WAMU. No evidence in the record demonstrates Wells Fargo's right or interest in the Property. Because no evidence demonstrates that Wells Fargo has any interest affected by the receivership, we cannot say that the trial court abused its discretion by denying Wells Fargo's motion.

---

[3] *... Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

[4] *... Looney v. Doss*, 189 S.W.2d 207, 211 (Tex. Civ. App.—Fort Worth 1945, no writ).

[5] *... See Gibson v. Bostick Roofing & Sheet Metal Co.*, 148 S.W.3d 482, 493 (Tex. App.—El Paso 2004, no pet.) ("In any foreclosure suit, the plaintiff must establish the existence of a valid obligation owing to him by the defendant because foreclosure is merely a method of assuring payment of the plaintiff's claim."); *Mortgage Elec. Registration Sys. v. Young*, No. 2-08-088-CV, 2009 WL 1564994, at *4–5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (holding that because there was no evidence in the record showing an assignment or conveyance from the record owner of property to the appellant mortgage servicing entity, nothing showed that the appellant owned the property or had a superior right of possession to it).

In Amberle's reply brief, she challenges Wells Fargo's standing. In response, Wells Fargo argues that we must take its pleadings as true and that in its pleadings, it asserted that it was the mortgage servicer for the loan, which gave it the right to foreclose on the Property. A court may have to take a party's pleadings as true in determining a party's right to be heard, that is, for jurisdictional purposes,[6] but a trial court does not have to take a party's pleadings as true in determining whether a party has established its right to the relief it requests.[7] Standing aside, once Wells Fargo was given the opportunity to be heard, it had to establish that it was entitled to have the receivership dissolved. Because it failed to so, the trial court did not abuse its discretion by denying Wells Fargo's requested relief. We overrule both of Wells Fargo's issues.

---

[6] ... *See City of Fort Worth v. Shilling*, 266 S.W.3d 97, 101 (Tex. App.—Fort Worth 2008, pet. denied) (stating that in reviewing a trial court's ruling on a plea to the jurisdiction, we accept the pleadings' factual allegations as true but that "[i]f a plea to the jurisdiction challenges the existence of jurisdictional facts, as in this case, we consider relevant evidence submitted by the parties that is necessary to resolve the jurisdictional issues").

[7] ... *See In re Smith*, 260 S.W.3d 568, 573 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that whether the grandparent could succeed in its suit is a different question than whether the grandparent has the right to bring suit); *Doncer v. Dickerson*, 81 S.W.3d 349, 356 (Tex. App.—El Paso 2002, no pet.) ("It should always be borne in mind that standing to sue does not mean a right to win, but merely a right to be heard in court.").

Having overruled Wells Fargo's two issues, we affirm the trial court's order denying the motion to dissolve the receivership.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  January 14, 2010